UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ADOLPHUS DAVIS and
STEPHANIE HINES,

    Plaintiffs,

v.                                        Case No.:  2:24-cv-434-SPC-NPM

COVINGTON SPECIALTY
INSURANCE COMPANY,

    Defendant.
_____/

## OPINION AND ORDER

Plaintiffs Adolphus Davis and Stephanie Hines sue Defendant Covington Specialty Insurance Company for breach of their insurance contract after Hurricane Ian allegedly damaged their covered property (Count One). They also seek declaratory relief (Count Two). (Doc. 28-4). Defendant seeks dismissal of Count Two (Doc. 31), and Plaintiffs oppose dismissal (Doc. 35). For the following reasons, the Court denies the motion.

Plaintiffs are property owners in Charlotte County, Florida, who obtained a property insurance policy ("Policy") from Defendant. Plaintiffs' property allegedly incurred damages from Hurricane Ian when it made landfall in September 2022. In their two-count Amended Complaint, Plaintiffs allege Defendant refuses to pay the full amount of Policy benefits they are

owed.  Count One alleges breach of contract and Count Two seeks a declaratory judgment of Plaintiffs' rights under the Policy.

A complaint must recite "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This pleading standard "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). A facially plausible claim allows a "court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

Defendant argues Count Two fails because Plaintiffs have cited no contract provision that needs clarification.  It also argues Count Two should be dismissed because it duplicates Plaintiffs' breach of contract claim.  Neither argument is persuasive.

To begin, a declaratory judgment action requires "the existence of an 'actual controversy' between the parties, a term which holds the same meaning as the cases and controversies requirement of Article III to the United States Constitution." *Blitz Telecom Consulting, LLC v. Peerless Network, Inc.*, 151 F. Supp. 3d 1294, 1302 (M.D. Fla. 2015) (citation omitted).  Plaintiffs have pled

2

an actual controversy: they want Defendant to pay more for their property damage from Hurricane Ian, but Defendant has refused.  The scope of coverage under the Policy is a live and unresolved issue, and the parties' disagreement is not hypothetical.  Because the parties dispute the extent of coverage for Plaintiffs' property damage under the Policy, Count Two survives dismissal. *See Massey Constr. Grp., Inc. v. Hartford Ins. Co. of the Midwest*, No. 2:19-CV-708-SPC-NPM, 2019 WL 5863897, at *2 (M.D. Fla. Nov. 8, 2019).

Defendant's duplicity argument fares no better.  This argument is often raised in this context, and (for several reasons) it is consistently rejected by this Court.  *See e.g.*, *500 La Peninsula Condo. Ass'n, Inc. v. Landmark Am. Ins. Co.*, No. 2:20-CV-767-FtM-38-NPM, 2020 WL 6273699, at *1 (M.D. Fla. Oct. 26, 2020); *Hanus v. AIG Prop. Cas. Co.*, No. 2:20-CV-814-FTM-38-NPM, 2020 WL 6154813, at *1 (M.D. Fla. Oct. 20, 2020) ("[I]n the Middle District, courts regularly refuse to dismiss insurance declaratory judgment requests that duplicate breach of contract claims.").  First, a court's decision whether to hear a declaratory judgment claim is discretionary; second, a motion to dismiss tests the plausibility of a claim but not redundancy; and third, the federal Declaratory Judgment Act and Federal Rules of Civil Procedure allow a party to seek a declaratory judgment even if there is another adequate remedy. *Tiro Beachwear Inc. v. Foremost Ins. Co.*, No. 6:20-CV-425-ORL-22-DCI, 2020 WL 5983830, at *3 (M.D. Fla. Apr. 8, 2020) (citations omitted).  And, as in *Tiro*,

defending both claims will not burden Defendant because, if the declaratory judgment claim duplicates the breach of contract claim, there will be no additional discovery to conduct. *See id.* at *3. The Court thus rejects Defendant's duplicity argument. *See also Barry v. QBE Specialty Ins. Co.*, No. 2:23-CV-296-SPC-NPM, 2023 WL 3975994, at *1 (M.D. Fla. June 13, 2023).

Plaintiffs have plausibly alleged a declaratory judgment claim. And whether that claim is subsumed by the breach of contract claim can better be resolved at summary judgment. The Court thus denies Defendant's Motion to Dismiss Count Two.

Accordingly, it is now

**ORDERED:**

Defendant's Motion to Dismiss Count II of Plaintiffs' Amended Complaint (Doc. 31) is **DENIED**.

**DONE** and **ORDERED** in Fort Myers, Florida on October 24, 2024.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record